UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

15

UNITED STATES OF AMERICA,
    Plaintiff,

v.

Criminal Case No. (0645)2:17-CR-20024(6)

ANDREW ALLISON,
    Defendant.

F I L E D
SEP 2 6 2018
CLERK'S OFFICE
DETROIT

### PRO SE MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES Defendant Andrew Allison, pro se, and respectfully moves this Honorable Court pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence. In support of his motion, Defendant avers the following.

### Procedural History

On April 11, 2018, Defendant pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(A)(1). Defendant was subsequently sentenced to a term of imprisonment of 36 months and a term of supervised release of four (4) years. Defendant Allison fully cooperated with the government; he was awarded a § 5K1.1 downward departure from the five-year mandatory minimum as a result of assisting the government in the prosecution of others.

### Discussion on Ineffective Assistance of Counsel

At sentencing, and prior to sentencing, Defendant Allison had requested his counsel, Attorney Scharg, to present to this Honorable Court his mother's medical records/documents written by Defendant's mother's doctor in order to show the Court that Defendant's mother has serious life-threatening issues. Furthermore, Defendant also stated to Attorney Scharg that he wanted his mother to testify at sentencing concerning in detail the status of her health. Therefore,

Defendant's mother could have stated to this Court that Defendant is an irreplaceable caretaker. Attorney Scharg kept silent and failed to present these issues to the Court. Attorney Scharg "failed to provide a meaningful adversarial testing of these matters." Attorney Scharg abandoned Defendant Allison on these matters. The performance of Attorney Scharg fell below an objective standard. Thus, for this reason Defendant is submitting this motion in order to be heard by this Honorable Court on these serious issues raised herein.

## Governing Legal Standards Addressing § 2255 Habeas Petitions

1.  In order to make a "substantial showing" of the denial of a constitutional right as required under 28 U.S.C. § 2255(C)(2), a Habeas petitioner must demonstrate "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

2.  The United States Supreme Court set forth the legal principles governing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Strickland requires a petitioner claiming ineffective assistance of counsel to demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. 466 U.S. at 687. Hale v. Davis, 512 F. App'x 516, 520 (6th Cir. 2013).

## Governing Legal Standards Addressing Family Responsibilities Pursuant to U.S.S.G. § 5H1.6

1.  See, United States v. Leon, 341 F. 3d 928, 933 (9th Cir. 2003). In this instant case stated in partial context: "granting a departure where the defendant's wife suffered from kidney cancer[,]" and longstanding depression, and the defendant was found to be "an irreplaceable caretaker." Furthermore, it states under U.S.S.G. § 5H1.6, based on family circumstances, "generally

2

involve[s] situations where the defendant is an irreplaceable caretaker of children, elderly, and/or seriously ill family members. Ultimately, the district court departed downward six levels based on defendant's family ties and responsibilities.

2. See, United States v. Jeffrey P. Schroeder, 536 F. 3d 746, 2008 U.S. App. LEXIS 16548 (7th Cir. 2008). In this case, the court states that "a defendant's extraordinary family circumstances can constitute a legitimate basis for imposing a below-guidelines sentence." United States Sentencing Guidelines § 5H1.6 provides that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted[,]" but a district court may impose a below-guidelines sentence "once it finds that a defendant's family ties and responsibilities [ ] are so unusual that they may be characterized as extraordinary." [536 F. 3d 756] United States v. Canoy, 38 F. 3d 893, 906 (7th Cir. 1994). See also, United States v. Jaderany, 221 F. 3d 989, 996 (7th Cir. 2000). The district court may apply those departures by way of analogy in analyzing § 3553(a) factors. Miranda, 505 F. 3d at 792. Schroeder testified that his daughter has a compromised immune system and that she is particularly vulnerable to illness, making daycare an implausible childcare option. This case was vacated and remanded for resentencing.

3. See, Deborah Charles v. United States, 2003 U.S. Dist. LEXIS 8434 (1st Cir. decided May 20, 2003). In this case, the Court states in partial context that "family circumstances are another ground for departure and are to be taken into account only where the facts are extraordinary or where a defendant is truly irreplaceable as a caretaker." United States v. Pereira, 272 F. 3d 76, 82, 83 (1st Cir. 2001). See also, United States v. Bogdan, 284 F. 3d 324 (1st Cir. 2002).

4. Defendant Allison's case is similar to all these cases due to his mother's serious life-threatening health issues.

## Title 28 United States Code § 3553(a) Factors

Defendant Allison's attorney failed to raise claims concerning Defendant's mother's health under United States Sentencing Guidelines § 5H1.6. Nevertheless, as a result of this failure, the Court could not address Defendant's claims. Furthermore, Defendant firmly believes that in light of his claims concerning his mother that he would be a candidate to be entitled to the relief requested under 18 U.S.C. § 3553(a) and U.S.S.G. § 5H1.6.

## Governing Legal Standards Concerning Pro Se Litigants

1. See, Albra v. Advan, Inc., 490 F. 3d 826, 829 (11th Cir. 2007), which states that "pro se litigants filing are to be construed liberally."

2. See, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1992), which states in this United States Supreme Court doctrine that "pro se litigants' pleadings are held to 'less stringent standards.'"

3. Defendant Allison is citing the aforementioned cases because he is a layman in the law.

Furthermore, as a result of being a layman, Defendant Allison hopes that this Honorable Court will look at his petition liberally and not stringently as Defendant lacks the complete legal education of a licensed attorney.

## Conclusion

Defendant avers that throughout all legal proceedings he has always been committed to being truthful to the best of his knowledge with the government and with this Honorable Court. Defendant has assisted the government in the prosecution of others. Furthermore, Defendant will continue to assist the government if he is requested to do so. However, Defendant's mother's serious health issues have compelled him to address Attorney Scharg's failure and silence concerning Defendant's responsibilities as caretaker for his ill mother.

## Relief Requested

Defendant hopes and prays that this Honorable Court will grant this Motion to Vacate, Set Aside, or Correct Sentence, and his request to be heard on the issues raised herein.

Respectfully submitted,

Date: 9.24.18

Andrew Allison
Reg. No.
F.C.I. Elkton
P.O. Box 10
Lisbon, OH  44432

MEMORANDUM OF LAW

1. <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d (2000)
2. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)
3. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)
4. <u>Hale v. Davis</u>, 512 F. App'x 516, 520 (6th Cir. 2013)
5. <u>United States v. Leon</u>, 341 F. 3d 928, 933 (9th Cir. 2003)
6. <u>United States v. Schroeder</u>, 536 F. 3d 746, U.S. App. LEXIS 16548 (7th Cir. 2008)
7. <u>United States v. Canoy</u>, 38 F. 3d 893, 906 (7th Cir. 1994)
8. <u>United States v. Jaderany</u>, 221 F. 3d 989, 996 (7th Cir. 2000)
9. <u>Charles v. United States</u>, U.S. Dist. LEXIS 8434 (1st Dist. 2003)
10. <u>United States v. Pereira</u>, 272 F. 3d 76, 82, 83 (1st Cir. 2001)
11. <u>United States v. Bogdan</u>, 284 F. 3d 324 (1st Cir. 2002)
12. <u>Albra v. Adan, Inc.</u>, 490 F. 3d 826, 829 (11th Cir. 2007)
13. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)

## EXHIBITS FOR THE COURT'S REVIEW

1. **Exhibit A** - Notarized affidavit of Elaine M. Allison, the mother of the defendant.

2. **Exhibit B** - Letters/Documents from Henry Ford Health System. The letter is prepared by Randy Bell, M.D. In Doctor Bell's letter, he states that Elaine Allison has numerous serious health care issues. Furthermore, the Court will notice in the documents prepared by Henry Ford Health System a problem list of all the medical conditions Elaine Allison has acquired.

3. **Exhibit C** - Notarized affidavit from Elaine Allison's neighbor, Clara B. Barnes Kopczak.

4. **Exhibit D** - Notarized affidavit of Rex Snider.

EXHIBIT A

8/8/18

To Whom It May Concern

My name is Elaine M. Allison. I am the mother of Andrew T. Allison (BD-07/09/70) at FCI Elkton. He has gone from my house since 06/19/18, and it has been very hard on me.

I have so many health issues that I need help with and since Andy left I only had my neighbor Clara Barnes to help me but she is limited to what she can do for me. I suffer from RA, it has gotten so I can't use my left hand and I am having 3 more surgery in 2 mos, next is my L kidney has cancer that is 08/02/18

Clara is limited to what she can do and is having back surgery 09/14/18. And this is when her help STOPS. I need Andy as my care giver as ~~he was~~ before he went to prison. Doing the ~~laundry~~ LAUNDRY, cooking, cleaning, and fixing things, taking me to Doc Apts. Please send him home to help his Mom I am lost without him.

Sincerely
Elaine M. Allison

ELAINE M. ALLISON
190 W. ARBORVIEW DR
SPRING ARBOR MI 49283

PAMELA TRAMMELL
Notary Public, State of Michigan
County of Jackson
My Commission Expires Oct. 12, 2024
Acting in the County of Jackson



**HENRY FORD HEALTH SYSTEM**

July 31, 2018

Elaine Mae Allison                                    MRN: 62971654
190 W Arbor View Dr
Apt A3
Spring Arbor MI 49283

To Whom it May Concern,

Elaine Allison has numerous chronic health care issues and requires assistance with ADLs. Her son had been helping her with these prior to being incarcerated. He has been very helpful to her in the past and she is struggling without his assistance. Please consider this in his case for potential early release so he can help her with her ADLs and medical needs.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

RANDY BELL, MD

HENRY FORD ALLEGIANCE FAMILY MEDICINE - NORTH STREET
1401 W North Street
Jackson MI 49202-3135
Dept: 517-205-2555
Dept Fax: 517-205-0117

| | | |
|---|---|---|
| SEP 13 2018 | **Follow Up** with BISCHAN HASSUNIZADEH, MD<br>Thursday September 13 1:00 PM<br>Jackson Cardiology Associates is located at 205 Page Ave in Jackson, MI 49201. We are across Michigan Ave from Henry Ford Allegiance Hospital. You can park in our parking lot and enter either door to access the waiting room. | Jackson Cardiology Associates<br>205 PAGE AVE, SUITE B<br>JACKSON MI 49201-2462<br>517-787-3577 |
| SEP 21 2018 | **Follow-Up Visit** with MICHELLE AUBIN, MD<br>Friday September 21 11:00 AM<br>Please arrive 10 minutes prior to your scheduled time. | Henry Ford Allegiance Orthopedics<br>1201 E MICHIGAN AVE<br>JACKSON MI 49201-1853<br>517-205-1431 |
| SEP 26 2018 | **Office Visit** with RANDY BELL, MD<br>Wednesday September 26 11:15 AM<br>Please arrive 10 minutes prior to your scheduled time. | Henry Ford Allegiance Family Medicine - North Street<br>1401 W North Street<br>Jackson MI 49202-3135<br>517-205-2555 |
| OCT 24 2018 | **Office Visit** with RANDY BELL, MD<br>Wednesday October 24 12:15 PM<br>Please arrive 10 minutes prior to your scheduled time. | Henry Ford Allegiance Family Medicine - North Street<br>1401 W North Street<br>Jackson MI 49202-3135<br>517-205-2555 |

Showing your appointments through October 24, 2018. You have more appointments scheduled after these.

If you need to change or cancel any appointment, call the department number listed for your upcoming appointment(s).

## Problem List as of 7/25/2018

Anemia
Hardening of the arteries of the brain
Osteoarthritis (arthritis due to wear and tear of joints)
Low back pain
Primary cancer of ureteric orifice of urinary bladder
Narrowing of spinal canal
Depression, major, recurrent
Loss of bladder control
Chronic pain
Postherpetic neuralgia
Tobacco abuse
History of blood clot to lungs
Fibromyalgia
Cancer of bladder
Cancer
RHEUMATOID ARTHRITIS *(handwritten)*

## Allergies as of 7/25/2018

Chantix [varenicline]
Ciprofloxacin
Clindamycin
Enbrel [etanercept]
Escitalopram
Hydroxychloroquine
Levofloxacin
Nitrofurantoin
Omeprazole
Prochlorperazine

## Patient



**Elaine Mae Allison**
70 year old female
9/3/1947

190 W ARBOR VIEW DR
APT A3
SPRING ARBOR
MI 49283
**517-990-5354 (M)**
517-990-5354 (H)
Comm Pref:

Recent Visits with You
More...

## Preferred Pharmacies

| | |
|---|---|
| WEATHERWAX SAVMOR PHARM #4 - SPRING ARBOR, MI - 8012 SPRING ARBOR ROAD | 517-750-2550 (Phone) 517-750-4095 (Fax) |
| Henry Ford Allegiance LTC Pharmacy - JACKSON, MI - 2200 SPRINGPORT ROAD | 517-205-7486 (Phone) 517-205-1689 (Fax) |

## Medications

albuterol (PROAIR HFA) 90 mcg/actuation inhaler
apixaban (ELIQUIS) 5 mg Tab tablet
aspirin (ASPIR-81) 81 MG EC tablet
atorvaSTATin (LIPITOR) 80 MG tablet
baclofen (LIORESAL) 10 MG tablet
calcium carbonate (CALCIUM 600) 600 mg calcium (1,500 mg) Tab
cycloSPORINE (RESTASIS) 0.05 % ophthalmic emulsion
fluconazole (DIFLUCAN) 100 MG tablet
fluticasone (FLONASE) 50 mcg/actuation nasal spray
fluticasone-salmeterol (ADVAIR DISKUS) 250-50 mcg/dose diskus inhaler
furosemide (LASIX) 20 MG tablet
gabapentin (NEURONTIN) 800 MG tablet
ibuprofen (ADVIL,MOTRIN) 800 MG tablet
isosorbide mononitrate (IMDUR) 60 MG 24 hr tablet
leflunomide (ARAVA) 20 MG tablet
metoprolol tartrate (LOPRESSOR) 25 MG tablet

## Problem List

New problems from outside sources are available for reconciliation

Cardiovascular and Mediastinum
  Atherosclerotic cerebrovascular disease
Nervous and Auditory
  Post herpetic neuralgia
Musculoskeletal and Integument
  Arthritis, degenerative
Genitourinary
  Primary cancer of ureteric orifice of urinary bladder (CMS-hcc)
  Malignant neoplasm of urinary bladder (CMS-hcc)
Other
  Anemia
  History of pulmonary embolism
  Low back pain
  Spinal stenosis
  Depression, major, recurrent (CMS-hcc)
  Mixed incontinence
  Chronic pain
  Tobacco abuse
  Fibromyalgia
  Urothelial carcinoma (CMS-hcc)

Reviewed by MD on 6/27/2018

## Registries                                Show Detail

| Chronic Disease | Added |
|---|---|
| **COPD Registry** | 9/4/2017 |
| **Congestive Heart Failure Registry** | 8/1/2017 |
| **Coronary Artery Disease Registry** | 8/1/2017 |
| **Depression Registry** | 5/11/2017 |
| **Obesity Registry** | 5/20/2017 |

| Problem | Added |
|---|---|
| **Cancer Population Registry** | 5/10/2017 |

| Wellness | Added |
|---|---|
| **HFHS Wellness Registry-All** | 5/9/2017 |
| **Wellness Registry: Female 70+** | 9/3/2017 |

| Others | Added |

9-1-18

To Whom It May Concern,

My name is Clara B. Barns-Kopczak and I live across the hall from Elaine Allison.

I have been helping Elaine as much as I can in Andrew's absence, which is not as much as I would like to as I have a bad back.

I will be having surgery on my back on Sept. 14, 2018 and will be laid up for anywhere from 3 to 6 months.

Elaine is going to be having surgery on her left wrist and will need help while she is healing and I won't be able to help her.

Elaine will desperatly need the assistance of Andrew to be her care giver.

Thank you,

Clara B. Barns-Kopczak

PAMELA TRAMMELL
Notary Public, State of Michigan
County of Jackson
My Commission Expires Oct. 12, 2024
Acting in the County of Jackson

EXHIBIT-D

September 6, 2018

To Whom It May Concern:

I am writing concerning inmate 55318-039, Andrew Thomas Allison. My relationship with Andrew is that of a long time friend of both he and his mom (Elaine Allison). I am retired and living in the very small community of Corfu, NY caring for my ailing sister.

I am fully aware of Andrew's circumstances and why he is there. I provide support as I am able in a number of ways. One such level of support is to monitor Elaine's state of health, state of mind and needs. Another method is providing Andrew with funds to be able to communicate with his mother and myself. What concerns me now is Elaine's fast declining health and state of mind. She is on a number of meds and has had a couple surgeries. While Andrew was caring for her he controlled how she was taking her meds and helped her through daily needs. There is no one near her daily who can do this now. I cannot be there often enough to help. I am concerned that her current condition is directly related to the lack of care she is receiving. When I talk with her, conversation is confused. I have seen this in her in the past. Andrew monitored her medications and discovered that the pain meds combined with her other meds were the cause of her rapid decline. I see this the same issue now. Andrew was her caregiver and was able to take her for her appointments to doctors and other support.

I am not able to provide all the support that is needed to care for Elaine at this point. She did well when in Andrew's care. I fear her condition will continue to worsen.

Andrew has always been Elaine's biggest supporter and source of aid. He provided her with personal care for her health and financing. He made sure every holiday was made to be her best enjoyment. He gave of himself where no other family member would nor does.

Finally, I have had many conversations with Andrew since his time began there. He expresses to me constantly that he wants and needs help to recover from his addiction. He has also asked me to research organizations other than that provided by the Salvation Army, to enable him to carry on with support to a clean continued recovery. The Salvation Army was not and is not the proper support organization for that effort.

If there is a way for Andrew to fulfill his responsibility to the courts and be with his mother as her caregiver, it is my hope that you would consider that.

With respect,

*Rex R Snider*

Rex R Snider


JULIE S HOLMAN
Notary Public, State of New York
Qualified in Genesee County
Reg. No. 01H04887553
My Commission Expires March 16, 2019

NAME: Andrew Allison
REG.# 55318-039
Federal Correctional Institution Elkton
P. O. Box 10
Lisbon, Ohio 44432



no Postmark —
DP 9/26/18

RECEIVED
SEP 26 2018
CLERK'S OFFICE
U.S. DISTRICT COURT

ATTN: CLERK OF COURTS
⇔55318-039⇔
Us District Court
231 W Lafayette BLVD
Detroit, MI 48226
United States